### KILGORE et al. v. ROWLAND et al.

No. 8803—Opinion Filed April 9, 1918.

(172 Pac. 43.)

**1. Trespass—Cutting and Removal of Timber—Measure of Damages.**

Where one willfully and without authority from the owner enters upon the land of another and cuts and removes the timber therefrom, under section 2883 of the Revised Laws of 1910, the measure of damages is three times such sum as would compensate the owner for the actual injury.

**2. Same—Trial—Demurrer to Evidence—Directed Verdict.**

The evidence of the plaintiff in this cause examined, and held, that the court properly overruled the demurrer thereto, and, upon the defendant's failure to introduce any evidence, properly directed a verdict thereon for plaintiff.

(Syllabus by Pryor, C.)

Error from District Court, McCurtain County: Chas. B. Wilson, Assigned Judge.

Action by Gus Rowland against E. A. Kilgore and W. R. Kilgore, partners, doing business as the Kilgore Lumber Company, in which John and Mary Denison interpleaded. Judgment for plaintiff Rowland upon a directed verdict, and defendants bring error. Affirmed.

Head & Barrett, for plaintiffs in error.

E. C. Armstrong and J. Randall Connell, for defendants in error.

Opinion by PRYOR, C. This action was commenced on the 1st day of February, 1915, by Gus Rowland, defendant in error, against the plaintiffs in error, E. A. Kil-

gore and W. A. Kilgore, partners, doing business as Kilgore Lumber Company, for the recovery of damages for the wrongful cutting of timber from lands belonging to the said Gus Rowland. The petition states in substance, that the plaintiff is the owner of a certain tract of land lying in McCurtain county, Okla., and that the defendants. during the months of April and May, 1914, wrongfully, willfully, and fraudulently, and without any authority from the plaintiff, cut and removed from said premises about 98,600 feet of cottonwood and redwood timber of the value of $4 per thousand, and asks judgment for damages in treble the reasonable value of said timber. The defendants in error John W. Denison and Mary Denison interpleaded and claim that the timber was cut from said premises by the defendants before sale of said premises to the plaintiff Rowland by them, and that they are entitled to the damages incurred by the wrongful cutting and removing of timber from said premises, and ask judgment therefor. The answer of the defendants is, in effect, that they removed said timber under contract with one Tom Thompson, the agent of John and Mary Denison, and authorized by them to sell said timber; that they subsequently ratified the acts of their agent, Tom Thompson, and that they were estopped to deny the validity of the contract of Tom Thompson by allowing the defendants to remove said timber from said premises without objecting. At the conclusion of plaintiff's evidence, defendants interposed a demurrer thereto, which was by the court overruled, and, the defendants not introducing any evidence, the court instructed the jury to return a verdict in favor of the plaintiff Rowland in the sum of $563.40, and the defendants appeal.

The contentions of the defendants may be stated generally that the verdict and judgment of the trial court is contrary to the law and the evidence. It is the contention of the defendants that the evidence is not sufficient to support the verdict for the reason that the plaintiff failed to prove ownership of the land, and that no damage was sustained.

The defendants in their answer allege that the Denisons were the owners of the premises, and that they took the timber from said premises under contract entered into with the agent of the Denisons.

The plaintiff testified that he purchased from the Denisons and introduced deed to that effect. Under the allegations of the pleadings, this evidence was amply sufficient to establish ownership in Rowland.

The county surveyor testified on behalf of the plaintiff that the amount of timber cut on said premises was 93,000 feet, that he measured the timber and made as accurate an estimate of the timber cut as possible, and that the amount cut from said premises was 93,000 feet.

One of the defendants was introduced as a witness for the plaintiff and testified that the timber was worth $2 per thousand. On this basis the court calculated the amount of the verdict. The evidence, with the admissions of the defendants in their answer, is sufficient to sustain the verdict and to authorize the court in directing a verdict for the plaintiff.

The next contention of the defendants is that treble damages is unauthorized by law, and that the damages fixed by the court and jury does not come within the class of cases provided for in section 2883 of the Revised Laws of 1910. The section referred to is as follows:

"That the measure of damages is three times such sum as would compensate for actual detriment, except where the trespass was casual and involuntary, or committed under the belief that the land belonged to the trespasser."

The allegations of the petition of the plaintiff are to the effect that the defendants willfully, fraudulently, and without authority from the owner, appropriated the timber to their own use and benefit. The evidence shows that there was no authority whatever for the cutting and removal of the timber from the said premises. This brings this case squarely within the class of cases for which the statutes allow treble damages, and, under the pleading and the evidence, it cannot fall within the excepting clause, "except where the trespass was casual and involuntary, or committed under the belief that the land belonged to the trespasser."

Therefore there was no error in the allowing of treble damages by the court, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.